2011 UT App 279

**Cathy ROSENBAUM, Petitioner,**

v.

**UTAH LABOR COMMISSION; Lifetime, Inc.; and Zurich American Ins. Co., Respondents.**

**No. 20110514–CA.**

Court of Appeals of Utah.

Aug. 18, 2011.

Cathy Rosenbaum, Clearfield, Petitioner Pro Se.

Brad J. Miller, Greenwood Village, Colorado, for Respondents.

Before Judges ORME, VOROS, and ROTH.

## DECISION

PER CURIAM:

¶ 1 Petitioner Cathy Rosenbaum seeks judicial review of an order of the Appeals Board of the Utah Labor Commission, which dismissed her motion for review because it was not timely filed. This case is before the court on a sua sponte motion for summary disposition.

¶ 2 The Administrative Law Judge's (ALJ) February 7, 2011 decision stated that ·any motion to reconsider must be received by the Labor Commission within thirty days of the

date of the ALJ's decision. On February 27, 2011, Rosenbaum's chiropractor Patrick Conlin filed a motion for review signed only by him, challenging the rulings on Rosenbaum's impairment rating and claim for medical care. In the April 26, 2011 Order Dismissing Motion for Review, the Appeals Board noted that Rosenbaum had not challenged the ALJ's decision, but "Dr. Conlin, Ms. Rosenbaum's chiropractor, has appealed the decision by filing a motion for review with the Appeals Board." The Appeals Board dismissed Dr. Conlin's motion for review on the grounds that he lacked standing to challenge the decision on Rosenbaum's right to disability compensation or medical treatment.

¶ 3 On May 11, 2011, Rosenbaum filed her own motion for review of the ALJ's February 7, 2011 decision. The Board dismissed this motion in a May 31, 2011 Order Dismissing Motion for Review because Rosenbaum did not file her motion for review within thirty days after issuance of the ALJ's decision, and the Appeals Board had no authority to consider the motion for review. *See* Utah Code Ann. § 63G–4–301(1)(a) (2008). On June 14, 2011, Rosenbaum filed a petition for review with this court seeking judicial review of "[b]oth order[s] of dismissal."

 ¶ 4 Although Respondents Lifetime Inc. and Zurich American Insurance Co. contend that we lack jurisdiction over this case, we have jurisdiction to consider the petition for review filed by Rosenbaum on June 14, 2011, because it was filed within thirty days of the May 31, 2011 Order Dismissing Motion for Review. However, the June 14, 2011 petition for review was not timely filed within thirty days after the Appeal Board's April 26, 2011 dismissal of Dr. Conlin's motion for review. Therefore, even assuming that Rosenbaum had standing to challenge that dismissal, we lack jurisdiction because her petition for review would be untimely.

¶ 5 Rosenbaum's response to our sua sponte motion makes no distinction between the motion for review signed and filed by Dr. Conlin and the motion for review she signed and filed. She argues that Dr. Conlin's motion for review was filed with her permission and that her own motion for review was timely because it was filed in response to the

dismissal of Dr. Conlin's motion for review. She refers to Dr. Conlin's motion for review as being "sent on my behalf on a timely basis, yet dismissed." Rosenbaum was represented by counsel in the proceedings before the Labor Commission, although much of the material filed by appointed counsel was material prepared by Dr. Conlin. Although Rosenbaum obviously believes that the motion for review prepared, signed, and filed only by Dr. Conlin was the equivalent of her own appeal to the Appeals Board, we find that assertion to be without merit.

¶ 6 Rosenbaum did not file her motion for review with the Appeals Board within thirty days of the February 7, 2011 decision of the ALJ. The only motion for review that she personally signed and filed was filed ninety-four days after the ALJ's decision. Even if her motion for review were liberally construed as a motion asking the Appeals Board to reconsider the April 26, 2011 order dismissing Dr. Conlin's separate motion for review, she did not argue that the Board erred in dismissing Dr. Conlin's motion for review on the basis that he lacked standing to challenge Rosenbaum's impairment rating or eligibility for compensation. Instead, the motion for review Rosenbaum filed on May 11, 2011, again raised issues challenging the merits of the ALJ's February 7, 2011 decision on eligibility for benefits and was untimely filed. Accordingly, we affirm the order of the Appeals Board dismissing Rosenbaum's motion for review as untimely. Respondents' request for an award of attorney fees under rule 33 of the Utah Rules of Appellate Procedure is denied.